Thomas A. Martin, Esq. (4761)
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

SEYMOUR TINDEL, M.D., P.C.,

          Plaintiff,

- against -

THE TRAVELERS INDEMNITY
COMPANY a/k/a ST. PAUL TRAVELERS,

          Defendant.

------------------------------------------------------

via ECF

08-CV-7405 (LBS) (THK)

**ANSWER**

      Defendant The Phoenix Insurance Company (incorrectly sued herein as The Travelers Indemnity Company a/k/a St. Paul Travelers) ("Phoenix Insurance"), by its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to the Verified Complaint of Plaintiff Seymour Tindel, M.D., P.C. alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.    Denies paragraph 2 of the Complaint, except admits that Phoenix Insurance is a corporation licensed and authorized to transact the business of liability insurance in the State of New York.

      3.    Denies as phrased the allegations contained in paragraph 3 of the Complaint, except admits that Phoenix issued an insurance policy to Seymour Tindel, M.D., P.C., policy number I-680-8516H896-PHX-06, applicable for policy period 3/01/06 to 3/01/07

(the "Policy") and that a copy of a Policy is annexed as Exhibit A to Plaintiff's Complaint, and respectfully refers the Court to such Policy for its terms.

4. Denies as phrased the allegations contained in paragraph 4 of the Complaint and respectfully refers the Court to the insurance policy referenced in paragraph 4 of the Complaint for its terms.

5. Denies as phrased the allegations contained in paragraph 5 of the Complaint.

6. Denies as phrased the allegations contained in paragraph 6 of the Complaint, except admits that Phoenix Insurance issued an insurance policy to Seymour Tindel, M.D., P.C., policy number I-680-8516H896-PHX-06, applicable for policy period 3/01/06 to 3/01/07 and respectfully refers the Court to such Policy for its terms.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that a copy of a Summons and Verified Complaint is annexed as Exhibit B to the Complaint and respectfully refers the Court to such Summons and Verified Complaint for its terms.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and respectfully refers the Court to the Summons and Verified Complaint referenced in paragraph 8 of the Complaint for its terms.

9. Paragraph 9 of the Complaint contains legal conclusions for which no response is necessary; to the extent any answer is required, denies the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions for which

no response is necessary; to the extent any answer is required, denies the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions for which no response is necessary; to the extent any answer is required, denies the allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal conclusions for which no response is necessary; to the extent any answer is required, denies as phrased the allegations contained in paragraph 12 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The claims of Plaintiff fail to state a cause of action against Phoenix Insurance upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Phoenix Insurance has no obligations to Plaintiff under the terms of any applicable insurance policy.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. The claims of Plaintiff are barred by the doctrine of laches, waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Plaintiff failed to provide Phoenix Insurance with notice of the alleged occurrence(s) or of the Furgang lawsuit referenced in the Complaint as soon as it was practicable, as required by any applicable Phoenix Insurance policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17.     The claims asserted in the Furgang Lawsuit referenced in the Complaint are not covered claims and/or an occurrence(s) for which coverage is available under any applicable Phoenix Insurance policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18.     In the event Phoenix Insurance is found to have an obligation to Plaintiff under the terms of any applicable insurance policy, any such insurance coverage provided to Plaintiff by Phoenix Insurance would be co-primary or excess to other coverage provided.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19.     The claims asserted in the Complaint against Phoenix Insurance are barred, in whole or in part, by the term insuring agreement's conditions, definitions, limits of liability and exclusions contained in the Phoenix Insurance Policy issued to Plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21.     Any coverage afforded by the Phoenix Insurance Policy or any relevant policy of insurance issued by Phoenix Insurance or any other related or affiliated entity that could be applicable to this claim would be subject to any and all deductibles, retained limits, retentions, self insured retention and/or limits as stated in the Phoenix Insurance Policy or in any other such policies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22.   Phoenix Insurance reserves the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

WHEREFORE, Phoenix Insurance demands judgment: (1) dismissing the Verified Complaint against Phoenix Insurance with prejudice, together with reasonable attorneys' fees and costs; and (2) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 26, 2008

                                        PUTNEY, TWOMBLY, HALL & HIRSON LLP

                                        By:_____/s/_____
                                             Thomas A. Martin (TM 4761)

                                        Thomas A. Martin
                                        James M. Strauss
                                        521 Fifth Avenue
                                        New York, New York 10175
                                        (212) 682-0020

                                        *Attorneys for Defendant The Phoenix Insurance Company (incorrectly sued herein as The Travelers Indemnity Company a/k/a St. Paul Travelers)*

TO:   Joseph A. Altman, P.C.
      1009 East 163rd Street
      Bronx, New York 10459
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      Thomas A. Martin, an attorney admitted to practice law in the State of New York and before this Court, hereby certifies that I caused the within Answer served on August 26, 2008 upon:

      Joseph A. Altman, P.C.
      1009 East 163rd Street
      Bronx, New York 10459
      *Attorneys for Plaintiff*

in this action, by depositing a true copy thereof enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                                             Thomas A. Martin

Dated: New York, New York
       August 26, 2008